UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LE SAMUEL PALMER, A/K/A
KING ZULU M. ALI SHABAZZ,

                Plaintiff,

v.

                                 Case No. 3:19-cv-780-J-34MCR

L. HAMPTON, et al.,

                Defendants.

_____

## ORDER

### I. Status

       Plaintiff Le Samuel Palmer, an inmate of the Florida penal system, initiated this action on June 28, 2019, by filing a pro se Civil Rights Complaint (Doc. 1). He filed an Amended Complaint (AC; Doc. 6) on August 16, 2019.[1] In the AC, Palmer asserts claims pursuant to 42 U.S.C. § 1983 against Defendants L. Hampton, W. Oliver, M. Decubellis, J. Bryan, and E.A. Biascochea. He alleges that Defendants Hampton, Oliver, Decubellis, and Bryan, as members of a cell extraction team at Union Correctional Institution, assaulted him when they removed him from his cell on May 23, 2019, which resulted in head, hand, and genital injuries. See AC at 5-6. Additionally, he states that Defendant Biascochea authorized the chemical spraying and cell extraction. See id. at 5. As relief, Palmer requests monetary, injunctive, and declaratory relief.

_____

[1] The Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

This matter is before the Court on Defendants' Motion to Dismiss Amended Complaint (Motion; Doc. 16). The Court advised Palmer that granting a motion to dismiss would be an adjudication of the case that could foreclose subsequent litigation on the matter and gave him an opportunity to respond. See Order (Doc. 7). Palmer filed a response in opposition to the Motion. See Reply to Defendants' Motion to Dismiss Amended Complaint (Response; Doc. 18). Thus, Defendants' Motion is ripe for review.

## II. Plaintiff's Allegations[2]

As to the underlying facts, Palmer asserts that Defendant Biascochea ordered him to submit to hand restraints and a strip search on May 23, 2019. See AC at 5. According to Palmer, Biascochea directed Lieutenant Jackson to order Defendants Hampton, Oliver, Decubellis, and Bryan to spray Palmer with chemical agents. See id. Palmer states that he gave Hampton his clothes and submitted to a strip search after they sprayed him with chemical agents. See id. He avers that Hampton told Lieutenant Jackson that Palmer had not complied with the strip-search procedure, and therefore, Jackson ordered Hampton, Oliver, Decubellis, and Bryan to extract Palmer from his cell. See id. According to Palmer, Defendants Oliver, Decubellis, and Bryan punched and kicked him, and Hampton sat on Palmer's back, as he punched the back of Palmer's head with handcuffs. See id. Palmer asserts that Hampton grabbed, pulled, and twisted Palmer's genitals. See id. He states

---

[2] The AC is the operative pleading. In considering a motion to dismiss, the Court must accept all factual allegations in the AC as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. Miljkovic v. Shafritz and Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015) (quotations and citations omitted). As such, the recited facts are drawn from the AC and may differ from those that ultimately can be proved.

2

that he reported the sexual abuse to Biascochea, who ignored the accusation. See id. at 6. Palmer maintains that he, unlike close management (CM) inmates in U and V dormitories, was housed in subpar conditions. See id. According to Palmer, officers housed him in S dormitory away from other CM inmates, and denied him clothes, bedding, soap, and toothpaste. See id. Additionally, he asserts that he had to use paper cups and cardboard utensils, which caused cuts on his mouth. See id. Last, he avers that officers put a spit mask over his head when they escorted him to the shower that was approximately ten feet away. See id.

### III. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[3] (quoting GJR Invs., Inc. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998)

---

[3] "Although an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

(internal citation omitted), <u>overruled in part on other grounds as recognized in</u> <u>Randall</u>,
610 F.3d at 706).

## IV. Summary of the Arguments

In the Motion, Defendants assert that Palmer failed to disclose a previous three-strikes dismissal, and therefore, the Court should dismiss the case under 28 U.S.C. § 1915(e)(2)(B)(i). <u>See</u> Motion at 3-4. They also state that Palmer's allegations "are confusing, chronologically inconsistent and internally contradictory," <u>id.</u> at 5, and his claims are implausible, <u>see</u> <u>id.</u> at 6. Additionally, they assert that the Eleventh Amendment bars Palmer's claims for monetary damages against them in their official capacities. <u>See</u> <u>id.</u> at 6. Finally, they maintain that Palmer is not entitled to compensatory and punitive damages under 42 U.S.C. § 1997e(e) because he has not alleged any physical injury resulting from Defendants' acts and/or omissions. <u>See</u> <u>id.</u> at 6-10. In his Response, Palmer states that Defendants' three-strikes argument is without merit. <u>See</u> Response at 3-4. He also maintains that he states plausible Eighth and Fourteenth Amendment claims against Defendants. <u>See</u> <u>id.</u> at 4-6. Finally, he states that he is not seeking monetary damages against Defendants in their official capacities. <u>See</u> <u>id.</u> at 5.

## V. Discussion

### A. Three-Strikes

The Prison Litigation Reform Act (PLRA) amended 28 U.S.C. § 1915 by adding the following subsection:

> (g)   In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, **on 3 or more prior occasions**, while incarcerated or detained in any facility, brought an

5

action or appeal in a court of the United States that was
dismissed on the grounds that it is frivolous, malicious, or fails
to state a claim upon which relief may be granted, unless the
prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). Section 1915(g), commonly referred to as the
"three strikes" provision, requires this Court to consider prisoner actions dismissed before,
as well as after, the enactment of the PLRA. The Eleventh Circuit has interpreted §
1915(g) to mean that dismissals on only three specific grounds constitute a strike: frivolity,
maliciousness, and failure to state a claim upon which relief may be granted. See Daker
v. Comm'r, Ga. Dep't of Corr., 820 F.3d 1278, 1284-85 (11th Cir. 2016).

In the Motion, Defendants assert that Palmer failed to disclose Palmer v. Brown,
4:19-cv-306-RH-HTC, a three-strikes dismissal, in his AC, and therefore, the case is due
to be dismissed. See Motion at 3-4. The United States District Court for the Northern
District of Florida adopted the Magistrate Judge's July 11, 2019 Report and
Recommendation (Report) and dismissed the case under the three-strikes provision on
August 14, 2019. Palmer signed his AC on August 8th, and filed it on August 16, 2019.
The Northern District had not yet dismissed case number 4:19-cv-306-RH-HTC when
Palmer signed the AC on August 8th. Accordingly, to the extent Defendants seek
dismissal on this basis, the Motion is due to be denied.

### B. Eight Amendment Excessive Use of Force

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the
defendant deprived him of a right secured under the United States Constitution or federal
law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d
1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)

6

(per curiam) (citation omitted); <u>Richardson v. Johnson</u>, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Additionally, the Eleventh Circuit requires "'an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." <u>Rodriguez v. Sec'y, Dep't of Corr.</u>, 508 F.3d 611, 625 (11th Cir. 2007) (quoting <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986)). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

With respect to the appropriate analysis in an excessive use of force case, the Eleventh Circuit has explained.

> [O]ur core inquiry is "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Hudson v. McMillian</u>, 503 U.S. 1, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). In determining whether force was applied maliciously and sadistically, we look to five factors: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates[, as reasonably perceived by the responsible officials on the basis of facts known to them]. . ." <u>Campbell v. Sikes</u>, 169 F.3d 1353, 1375 (11th Cir. 1999) (quotations omitted).

<u>McKinney v. Sheriff</u>, 520 F. App'x 903, 905 (11th Cir. 2013) (per curiam). "When considering these factors, [courts] 'give a wide range of deference to prison officials acting to preserve discipline and security, including when considering decisions made at the scene of a disturbance.'" <u>Fennell v. Gilstrap</u>, 559 F.3d 1212, 1217 (11th Cir. 2009) (per curiam) (quoting <u>Cockrell v. Sparks</u>, 510 F.3d 1307, 1311 (11th Cir. 2007)).

"The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Hudson v. McMillian, 503 U.S. 1, 9-10 (1992) (internal quotations and citations omitted). Indeed, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9 (citation omitted). Notably, a lack of serious injury is relevant to the inquiry. See Smith v. Sec'y, Dep't of Corr., 524 F. App'x 511, 513 (11th Cir. 2013) (per curiam) (quoting Wilkins v. Gaddy, 559 U.S. 34, 38 (2010) (per curiam)). The United States Supreme Court explained.

> "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." Ibid.[4] (quoting Whitley,[5] supra, at 321, 106 S.Ct. 1078). The extent of injury may also provide some indication of the amount of force applied. . . . An inmate who complains of a "'push or shove'" that causes no discernible injury almost certainly fails to state a valid excessive force claim. Id., at 9 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).[6]
>
> Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.

Wilkins, 559 U.S. at 37-38.

---

[4] Hudson, 503 U.S. at 7.

[5] Whitley v. Albers, 475 U.S. 312 (1986).

[6] See Johnson, 481 F.2d at 1033 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.").

Defendants seek dismissal of Palmer's Eighth Amendment claims against them, arguing that his assertions are too confusing, contradictory, and inconsistent to support a plausible claim for relief. See Motion at 4-6. In his Response, Palmer asserts that his AC is "understandable enough to notify" Defendants about his claims against them. Response at 4. Viewing the facts in the light most favorable to Palmer, as the Court must, the Court is not so convinced that his claims are subject to dismissal. Palmer has alleged facts sufficient to state plausible claims under the Eighth Amendment. In reaching this conclusion, the Court observes that Palmer asserts that Biascochea authorized and/or directed the May 23, 2019 chemical spraying and cell extraction based on false accusations that he had not complied with orders, resulting in Palmer suffering with hand, head, and genital injuries. The Court declines to find that these allegations if proven would fail to state a plausible claim for a violation of the Eighth Amendment. As such, Defendants' Motion is due to be denied as to Palmer's Eighth Amendment claims against them.

### C. Physical Injury Requirement

Next, the Court turns to Defendants' assertions that Palmer is not entitled to compensatory and punitive damages under 42 U.S.C. § 1997e(e) because he has not alleged any physical injuries that are more than de minimis, resulting from Defendants' acts and/or omissions. In Brooks v. Warden, 800 F.3d 1295 (11th Cir. 2015), the Eleventh Circuit addressed the availability of compensatory and punitive damages as well as nominal damages in suits brought by prisoners under § 1983. The Eleventh Circuit stated:

> [Plaintiff]'s claim, however, is further governed by the Prison
> Litigation Reform Act of 1995 [(PLRA)], Pub.L. No. 104-134,"

9

§§ 802-10, 110 Stat. 1321, 1366-77 (1996). The PLRA places substantial restrictions on the judicial relief that prisoners can seek, with the goal of "reduc[ing] the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." Al-Amin v. Smith, 637 F.3d 1192, 1195 (11th Cir. 2011) (quoting Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002)). The section of the Act at issue here, 42 U.S.C. § 1997e(e), reads this way:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered **while in custody without a prior showing of physical injury or the commission of a sexual act. . . .**

This Court has held that § 1997e(e) applies to all federal civil actions, including constitutional claims brought under § 1983. See Harris v. Garner (Harris II), 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc). . . .

> In this case, [Plaintiff] did not allege any physical injury . . . . Nevertheless, he sought "compensatory . . . punitive, and nominal damages" from [Defendant]. Under the statute and our caselaw, an incarcerated plaintiff cannot recover either compensatory or punitive damages for constitutional violations unless he can demonstrate a (more than de minimis) physical injury. See Al-Amin, 637 F.3d at 1198 (punitive); Harris v. Garner (Harris I), 190 F.3d 1279, 1286 (11th Cir. 1999) (compensatory), reh'g en banc granted and opinion vacated, 197 F.3d 1059 (11th Cir. 1999), opinion reinstated in relevant part, 216 F.3d 970. However, we have never had the opportunity in a published opinion to settle the availability of nominal damages under the PLRA. We do today, and we hold that nothing in § 1997e(e) prevents a prisoner from recovering nominal damages for a constitutional violation without a showing of physical injury.

Brooks, 800 F.3d at 1307-08. Thus, to satisfy § 1997e(e), a prisoner must assert physical injury that is more than de minimis. However, the injury does not need to be significant.

10

See Thompson v. Sec'y, Fla. Dep't of Corr., 551 F. App'x 555, 557 (11th Cir. 2014) (citation omitted); Dixon v. Toole, 225 F. App'x 797, 799 (11th Cir. 2007).

Taking Palmer's allegations as to his injuries as true, he asserts physical injuries that are greater than de minimis. In the AC, Palmer asserts that the back of his head was bleeding from the blows. See AC at 6. As relief, Palmer asks that the Court direct the Florida Department of Corrections to "medically remove" the knot that "still remain[s]" on his head, as a result of Defendants' actions. Id. Additionally, Palmer asserts that Defendant Hampton sexually assaulted him when he grabbed, pulled, and twisted Palmer's genitals. According to Palmer, he suffered pain while urinating as a result of the genital injury. See id. at 6. The Court finds that Palmer's alleged injuries cross §1997e(e)'s de minimis threshold. See Thompson, 551 F. App'x at 557 n.3 (describing an approach of asking whether the injury would require a free world person to visit a doctor or emergency room) (citing Luong v. Hatt, 979 F. Supp. 481, 486 (N.D. Tex. 1997)). Thus, Defendants' Motion is due to be denied to the extent that the Court finds Palmer's request for monetary damages is not precluded under § 1997e(e) because he alleges that he suffered physical injuries that are plausibly greater than de minimis.

### D. Eleventh Amendment

Defendants also assert that, to the extent Palmer sues them in their official capacities for monetary damages, they are entitled to Eleventh Amendment immunity. See Motion at 6. Palmer acknowledges that he is not seeking monetary damages from Defendants in their official capacities. See Response at 5. Accordingly, Defendants'

Motion is due to be denied as moot as to their assertion that the Eleventh Amendment bars Palmer's claims for monetary damages against them in their official capacities.

In consideration of the foregoing, it is now

**ORDERED**:

1.      Defendants' Motion to Dismiss Amended Complaint (Doc. 16) is **DENIED as moot** as to their assertion that the Eleventh Amendment bars Palmer's claims for monetary damages against them in their official capacities. Otherwise, the Motion is **DENIED**.

2.      Defendants, **no later than June 1, 2020**, shall answer or otherwise respond to Palmer's claims.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of April, 2020.


**MARCIA MORALES HOWARD**
United States District Judge


sc 4/29
c:
Le Samuel Palmer, FDOC #L41847
Counsel of Record