UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LE SAMUEL PALMER, A/K/A
KING ZULU M. ALI SHABAZZ,

        Plaintiff,

v.

                                        Case No. 3:19-cv-780-J-34MCR

L. HAMPTON, et al.,

        Defendants.

## ORDER

Plaintiff Le Samuel Palmer, an inmate of the Florida penal system, initiated this action on June 28, 2019, by filing a pro se Civil Rights Complaint (Doc. 1). He filed an Amended Complaint (AC; Doc. 6) on August 16, 2019. In the AC, Palmer asserts claims pursuant to 42 U.S.C. § 1983 against Defendants L. Hampton, W. Oliver, M. Decubellis, J. Bryan, and E.A. Biascochea. He alleges that Defendants Hampton, Oliver, Decubellis, and Bryan, as members of a cell extraction team at Union Correctional Institution, assaulted him when they removed him from his cell on May 23, 2019, which resulted in head, hand, and genital injuries. See AC at 5-6. Additionally, he states that Defendant Biascochea authorized the chemical spraying and cell extraction and moved him to subpar conditions. See id. As relief, Palmer requests monetary, injunctive, and declaratory relief. The Court denied Defendants' Motion to Dismiss (Doc. 16) on April 30, 2020, and directed them to answer or otherwise respond to Palmer's claims. See Order (Doc. 20). Defendants filed an Answer (Doc. 22) and Motion for Sanctions and Dismissal

of Amended Complaint (Defendants' Motion; Doc. 23) on May 29, 2020. Defendants' Motion is pending.

Before the Court is Plaintiff's Motion for Leave to File a Second Amended Complaint (Motion; Doc. 24), filed on June 19, 2020, a proposed Second Amended Complaint (SAC; Doc. 24-2), and Motion to Supplement (Doc. 25), filed June 22, 2020. In the Motion, Palmer requests permission to amend to clarify his allegations and add information relating to his prior cases, however, he neither makes factual changes nor adds any defendants. See id. at 2. Additionally, he asserts that he should be granted permission to amend because he is a pro se inmate with a low IQ, no GED, and little to no knowledge of the law. In the Motion to Supplement, he requests permission to file his Declaration (Doc. 26) in support of his Motion. Defendants oppose Palmer's Motion. See Response to Plaintiff's Motion for Leave to File a Second Amended Complaint (Response; Doc. 27), filed June 24, 2020. In the Response, they maintain that Palmer's Motion "is a clear attempt by [Palmer] to avoid sanctions/dismissal of the Amended Complaint for failure to disclose his litigation history." Response at 2. According to Defendants, Palmer's proposed amendments "are made in bad faith" to "attempt to avoid sanctions," id. at 2, and "should not go unpunished," id. at 6. Additionally, they maintain that Palmer provides incorrect information relating to his three-strikes history. See id. at 6-7.

Rule 15(a)(1), Federal Rules of Civil Procedure (Rule(s)), establishes that "[a] party may amend [the party's] pleading once as a matter of course within" a certain time frame. Thereafter, a party may amend its pleadings only upon leave of court or by obtaining written consent of the opposing party. See Rule 15(a)(2). The rule provides that "[t]he

court should freely give leave when justice so requires." Id. As a result, "[t]here must be a substantial reason to deny a motion to amend." Laurie v. Ala. Ct. of Crim. App., 256 F.3d 1266, 1274 (11th Cir. 2001) (per curiam) (citation omitted). Substantial reasons justifying a court's denial of a request for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Maynard v. Bd. of Regents of Div. of Univ. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla., 342 F.3d 1281, 1287 (11th Cir. 2003). In order to deny leave to amend, the Court must identify a "justifying reason." Foman, 371 U.S. at 182.

In reviewing the proposed SAC, the Court concludes that Palmer should be permitted to amend. The proposed SAC is a more carefully-drafted complaint. The Eleventh Circuit has instructed that "'denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.'" Hall v. United Ins. Co. of America, 367 F.3d 1255, 1262-63 (11th Cir. 2004) (quoting Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999)); see also Galindo v. ARI Mut. Ins. Co., 203 F.3d 771, 777 n.10 (11th Cir. 2000). Upon review of the allegations in Palmer's proposed SAC, as well as Eleventh Circuit precedent, the undersigned is not so convinced of the ultimate futility of Palmer's allegations so as to warrant denial of the request to amend. Rather, the Court is of the view that, in the interest of justice, the Court should permit Palmer to file the proposed SAC. Nevertheless, even taking into consideration Palmer's assertions relating to his pro se status and mental health challenges, the Court anticipates no further

amendments absent a significant showing of good cause under Federal Rule of Civil Procedure 16(b)(4).[1]

Therefore, it is now

**ORDERED**:

1. Plaintiff's Rule 15 Motion for Leave to File a Second Amended Complaint (Doc. 24) and Motion to Supplement (Doc. 25) are **GRANTED**, and the Clerk shall file Doc. 24-2 as the "Second Amended Complaint."

2. Defendants' Motion for Sanctions and Dismissal of Amended Complaint for Failure to Fully Disclose Litigation History (Doc. 23) is **DENIED as moot**.

3. Defendants, **no later than July 30, 2020**, shall answer or otherwise respond to Palmer's assertions in the SAC.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of June, 2020.

MARCIA MORALES HOWARD
United States District Judge

sc 6/25
c:
Le Samuel Palmer, FDOC #L41847
Counsel of Record

---

[1] Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent."

4